PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RODNEY JOHNSON, | ) | CASE NO. 1:09 CV 2959 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | JUDGE LIOI |
|  | ) |  |
| v. | ) |  |
|  | ) | MAGISTRATE JUDGE PEARSON |
|  | ) |  |
| MICHAEL J. ASTRUE, | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

This is an action for judicial review of the Social Security Administration's ("Agency")
denial of the application of Plaintiff Rodney Johnson for Disability Insurance Benefits.  The
undersigned Magistrate Judge submits this Report and Recommendation in response to that
appeal.

It is well established that a reviewing court may not try the case under review *de novo*,
resolve conflicts in the evidence, or decide questions of credibility, among other things.  *See
Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  Courts are,
however, authorized to reverse and remand matters when the record neither permits affirming the
final Agency decision or judicially awarding benefits.  This is such a case.

After a thorough review of the record, the undersigned finds that the decision denying
disability benefits to Johnson contains errors requiring that the Agency's final decision be
reversed and the case be remanded, pursuant to Sentence Four of 42 U.S.C. § 405(g), for

(1:09 CV 02959)

additional consideration in a manner consistent with this opinion.

## I.  Procedural History

On August 10, 2006, Johnson filed an application for Disability Insurance Benefits [Tr. 79], alleging a period of disability which began on December 1, 2005. [Tr. 91-95.]  After his application was denied initially and upon reconsideration, Johnson  requested an administrative hearing.  On February 9, 2009, a hearing was held before an Administrative Law Judge ("ALJ"). [Tr. 47-48.]  On March 31, 2009, the ALJ found that Johnson had not been under a disability from December 1, 2005 through the date of the ALJ's decision. [Tr. 11-23.]  On October 29, 2010, the Appeals Council denied Johnson's request for review, making the decision of the ALJ the final Agency decision. [Tr. 1-3.]  Plaintiff now seeks judicial review of the final Agency decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.  ALJ Findings

The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since December 1, 2005, the alleged onset date (20 CFR 404.1571 *et seq*.).

2. The claimant has the following severe impairments: obesity, disorders of the lumbar spine, osteoarthritis of the left knee and defective disorder (20 CFR 404.1521 *et seq*.).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he  must have limited contact with the general public. He cannot climb ropes, ladders or scaffolds. He is limited to simple, routine, repetitive work with short, simple instructions. He cannot perform production pace work such as assembly line work. He must be able to change positions (sit/stand) periodically while remaining at the

-2-

(1:09 CV 02959)

work site.

5. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

6. The claimant has not been under a disability, as defined in the Social Security Act, since December 1, 2005 through the date of this decision (20 CFR 404.1520(g)).

### III.  Standard for Establishing Disability

To establish disability, a claimant must show that he is unable to engage in substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).  The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy.  *See* 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, Agency regulations prescribe a five-step sequential evaluation.  If a claimant can be found disabled or not disabled at any step of the sequential evaluation, the review ends.  20 C.F.R. § 404.1520(a).  At Step One, the ALJ considers the claimant's work activity.  A claimant is not disabled if engaged in substantial gainful activity, *i.e.*, working for profit.  At Step Two, the ALJ considers the medical severity of the claimant's impairments.  A claimant is not disabled if she does not have a severe medically determinable physical or mental impairment that also meets the duration requirement in 20 C.F.R. § 404.1509, or a combination of impairments that are severe and meet the duration requirement.  At Step Three, the ALJ determines whether the claimant's impairment meets or equals one of the criteria of an impairment listed in

-3-

(1:09 CV 02959)

Appendix 1 and meets the duration requirement.  *See* 20 C.F.R. § Part 404, Subpart P, Appendix 1.  A claimant is disabled if she has an impairment that meets the listing and the duration requirement.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity (also "RFC"), *i.e.*, the claimant's ability to perform physical and mental work on a sustained basis despite limitations from impairments.  At Step Four, the ALJ considers whether the claimant's residual functional capacity permits him to perform past relevant work.

At the final step, Step Five, the ALJ considers the claimant's residual functional capacity, age, education, and work experience to determine whether the claimant may work.  Even if the claimant's impairment does prevent her from doing her past relevant work, the claimant is not disabled if other work exists in the national economy that she can perform.  *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *see also Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (describing five-step evaluation).

The claimant bears the burden of proof at Steps One through Four.  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).  *Richardson v. Heckler*, 750 F.2d 506, 509 (6th Cir. 1984) ("A social security disability claimant bears the ultimate burden of proof on the issue of disability.").  This means that the claimant bears the ultimate burden of proof regarding the issues of disability and the establishment of a disability onset date.  *See* 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"); *McClanahan v. Comm'r of Soc. Security*, 474 F.3d 830,

-4-

(1:09 CV 02959)

836 (6th Cir. 2006).

At Step Five of the sequential evaluation, the burden shifts to the Commissioner to identify "a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also* 20 C.F.R. § 404.1512(a); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("[T]he Secretary bears the burden of proof at step five, which determines whether the claimant is able to perform work available in the national economy.").

## IV.  **Standard of Review**

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed.  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *Richardson v. Perales*, 402 U.S. 389, 401, (1971) (citing *Consol. Edison v. NLRB*, 305 U.S. 197, 229 (1938)).  It is immaterial

-5-

(1:09 CV 02959)

whether the record may also possess substantial evidence to support a different

conclusion from that reached by the ALJ, or whether the reviewing judge may have

decided the case differently.  *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453

n.4 (6th Cir. 1986).  The substantial evidence standard is intended to create a "zone of

choice within which the Commissioner can act, without the fear of court interference."

*Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d

535, 545 (6th Cir. 1986)).  Therefore, the Court will not "try the case de novo, nor resolve

conflicts in the evidence, nor decide questions of credibility."  *Walters*, 127 F.3d at 528.

        In addition to reviewing the ALJ's findings to determine whether they were

supported by substantial evidence, the Court also reviews the ALJ's decision to determine

whether it was reached through application of the correct legal standards and in

accordance with the procedure mandated by the regulations and rulings promulgated by

the Commissioner.  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)

("Although substantial evidence otherwise supports the decision of the Commissioner in

this case, reversal is required because the agency failed to follow its own procedural

regulation, and the regulation was intended to protect applicants like [plaintiff]."); *Id. at*

*546* ("The general administrative law rule, after all, is for a reviewing court, in addition to

whatever substantive factual or legal review is appropriate, to 'set aside agency

action...found to be...without observance of procedure required by law.'") (quoting 5

U.S.C. § 706(2)(d) (2001)); *cf. Rogers*, 486 F.3d at 243 (holding that an ALJ's failure to

follow a regulatory procedural requirement actually "denotes a lack of substantial

-6-

(1:09 CV 02959)

evidence, even when the conclusion of the ALJ may be justified based upon the record"). "It is an elemental principal of administrative law that agencies are bound to follow their own regulations," *Wilson*, 378 F.3d at 545, and the Court therefore "cannot excuse the denial of a mandatory procedural protection...simply because there is sufficient evidence in the record" to support the Commissioner's ultimate disability determination. *Id.* at 546. The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless. *See Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009) (finding that a party seeking to overturn an agency's administrative decision normally bears the burden of showing that an error was harmful).

    An ALJ's violation of the Social Security Administration's procedural rules is harmless and "will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." *Wilson*, 378 F.3d at 546-47 (emphasis added) (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). Thus, an ALJ's procedural error is harmless if his ultimate decision is supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. *See Id.* at 547 (holding that an ALJ's violation of the rules for evaluating the opinion of a treating medical source outlined in 20 C.F.R. § 404.1527(d) was a deprivation of an "important procedural safeguard" and therefore not a harmless error). If a procedural error is not harmless, then it warrants reversing and remanding the Commissioner's disability

-7-

(1:09 CV 02959)

determination.  *Blakley*, 581 F.3d at 409 (stating that a procedural error, notwithstanding

the existence of substantial evidence to support the ALJ's ultimate decision, requires that

a reviewing court "reverse and remand unless the error is a harmless *de minimis*

procedural violation").

On review, Plaintiff bears the burden of proving her entitlement to benefits.

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing

*Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

## V.  Analysis

Johnson raises four arguments on appeal:

> (A) The ALJ committed legal error by failing to articulate what weight was given
> to the DDS non-examining state psychologists.

> (B) The ALJ erred in not crediting the examining state psychologist's opinion,
> substituting his own opinion for that of medical experts.

> (C) The ALJ's failure to comply with 20 C.F.R. §1527 deprived Johnson of a fair
> and full hearing.

> (D) The ALJ's adverse credibility determination with respect to the severity of
> Johnson's pain was not supported by substantial evidence

Johnson contends that the ALJ grossly erred in his analysis of Johnson's limitations,

including his residual functioning capacity determination and, ultimately, his disability status.

ECF No. 16.  While the errors are primarily procedural in nature, Johnson avers that the

misjudgments constituted "reversible errors," undermining the ALJ's record as a whole and

depriving Johnson of a fair and full hearing.  ECF No. 20.  Minimally, Johnson urges the Court

to reverse and remand the ALJ's decision for re-consideration.  ECF No. 20 at 6.

-8-

(1:09 CV 02959)

Although the Commissioner concedes that the ALJ did not properly follow the self-imposed  procedural guidelines mandated by Social Security regulations, the Commissioner argues that the perceived error(s)[1] were harmless.  ECF No. 18 at 11.  Because the ALJ's decision is supported by substantial evidence on the record, the Commissioner contends that the Agency's findings must be affirmed.  ECF No. 18 at 10-16.

The undersigned disagrees with the premise of the Commissioner's defense.  To recognize substantial evidence as a defense to non-compliance with Agency regulations "would afford the Commissioner the ability to violate the regulation with impunity and render the protections promised therein illusory," in circumstances wherein a claimant has been deprived of a substantial procedural right or clearly prejudiced on the merits.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).  As described below, the Agency's final decision contains reversible error, *i.e.*, not harmless error, requiring reversal and remand.

A.      **The ALJ's Failure to Expressly Discuss the Weight Given to the Nonexamining State Psychologists was not a Harmless Error**

Plaintiff argues that the ALJ committed legal error by failing to articulate what weight was given to the nonexamining state psychologists, Dr. Mel Zwissler and Dr. Karen Stailey-Steiger.[2]  ECF No. 16 at 11.  Although the ALJ's decision addresses Johnson's mental impairments, the ALJ neglects to mention the findings of these two doctors, who concluded that

---

[1] The Commissioner impliedly concedes that the ALJ made one error–he failed to specifically mention the opinions of the Disability Determination Services (also "DDD") non-examining state psychologists and the weight he afforded them.  ECF No. 18 at 11.

[2] These doctors are affiliated with Disability Determination Services.

-9-

(1:09 CV 02959)

Johnson had many moderate limitations.  ECF No. 20 at 1-3.  Johnson asserts that this oversight

is a clear violation of  SSR 96-6p and 20 C.F.R. §404.1527(f), which required the ALJ to afford

recognition to the doctors' opinions and explain the weight afforded to the opinions.  ECF No.

20 at 1-3.

The Commissioner  impliedly concedes that the ALJ neglected to specifically mention

the state agency psychologists' opinions or the weight he provided to them.  ECF No. 18 at 11.

The Commissioner  retorts, however, that these failures to comply with the Social Security

regulations constitute a "harmless error," which does not warrant remand.  ECF No.18 at 10-11.

To support this contention, the Commissioner stipulates that Johnson was not harmed by the

ALJ's oversight because the opinions of the doctors were fully encompassed by the ALJ's

restrictive mental residual functional capacity .  ECF No. 18 at 10-11.

The Court disagrees with the Commissioner 's contentions.  As both parties have

stated, there is no doubt that the ALJ erred when he failed to discuss the opinions of Dr. Mel

Zwissler and Dr. Karen Stailey-Steiger.  SSR 96-6p states in relevant part, that although

"[a]dministrative law judges . . . are not bound by findings made by State agency or other

program physicians and psychologists" any such findings "must be treated as expert opinion

evidence of nonexamining sources" and ALJs "may not ignore these opinions and must

explain the weight given to these opinions in their decisions."  SSR 96-6p, 1996 WL 374180

at *1, *2; *see also* 20 C.F.R. §§ 404.1527(f).

Although the Commissioner contends that portions of Dr. Stailey-Steiger's and Dr.

Mel Zwissler's opinions are consistent with, or even less restrictive than the ALJ's mental

-10-

(1:09 CV 02959)

Residual functional capacity, the evidence on the record does not support this assertion.  In analyzing the Plaintiff's mental impairment, the ALJ concluded that in the activities of daily living, Johnson has *mild* restrictions; in social functioning, Johnson has *mild* difficulties; and in regard to concentration, persistence or pace, Johnson has *moderate* difficulties.  [TR. 17-18.]  The findings of the two doctors are inconsistent with this assessment.  For instance, Dr. Mel Zwissler concluded that Johnson was *moderately* limited in activities of daily living [TR. 358] and both  Dr. Stailey-Steiger and Dr. Mel Zwissler found Plaintiff to be *moderately* limited in maintaining social functioning.  [TR. 266, 358.]

But as the Plaintiff highlights, the ALJ's mental Residual functional capacity  did not take into consideration other limitations documented by the Doctors.  ECF No. 20 at 2-3.  The ALJ ultimately found that Johnson had the Residual functional capacity  to perform sedentary work with the following mental related restrictions: limited contact with the general public; limited to simple, routine, and repetitive work with short, simple instructions; and a prohibition against production pace work.  [TR. 18.]  Of special significance is the ALJ's failure to incorporate both of the doctors' findings that Johnson is *moderately* limited in his "ability to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods."  [TR. 271, 363.]

The Court finds that because the record reveals that the ALJ's residual functional capacity is inconsistent with the state psychologists' conclusions, Johnson was prejudiced on the merits when the ALJ ignored the doctors' opinions and failed to articulate what weight he

(1:09 CV 02959)

proscribed them, in violation of SSR 96-6p and 20 C.F.R. §404.1527(f).

## 1. __Johnson was Not Deprived of a Substantial Right__

In support of the argument that the ALJ's failure to discuss the two State psychologists' opinions constitute "reversible error," Johnson points the Court to the Sixth Circuit Court of Appeals case, *Blakley v. Comm'r of Soc. Sec.*, wherein the Sixth Circuit ruled that the ALJ's failure to recognize the treating physician's opinion and provide good reasons for discounting these opinions was not excusable harmless error. 581 F.3d 399, 409 (6th Cir. 2009). The decision in *Blakley* is premised on Sixth Circuit's earlier ruling in *Wilson*, wherein the Court conducted a harmless error analysis and held that failure to give "good reasons" for not crediting the opinion of a treating physician, as required by 20 C.F.R. § 404.1527(d)(2) was not harmless as it deprived claimant of a substantial procedural right. *Id*. at 406-07; *see also Wilson*, 378 F.3d 541 at 545. By analogizing the facts of his case to the facts of those in *Blakley*, Johnson purports to argue that the ALJ's failure to adhere to SSR 96-6p and 20 C.F.R. §404.1527(f) deprived him of a substantial right. The Court disagrees with this assertion.[3]

A finding that Johnson was deprived of a substantial procedural right when the ALJ violated SSR 96-6p and 20 C.F.R. §404.1527(f) by failing to articulate the weight ascribed to nonexamining State psychologists aggravates controlling Sixth Circuit precedent. In *Smith v.*

---

[3]Although the facts of *Blakley* are analogous to those in this instant action, the cases are distinguishable by at least one important fact. In *Blakley*, the ALJ ignored the opinion of a treating physician, whereas in this case, the oversight involves the opinions of nontreating sources.

(1:09 CV 02959)

*Comm'r Soc. Sec.*, the Sixth Circuit expressly held that the good reasons requirement discussed in *Wilson* and *Blakley* does not extend to the opinions of nontreating sources.  482 F.3d at 876.  Thus, while claimants are generally entitled to receive an explanation when an ALJ discounts or even adopts a treating source's opinion, this entitlement does not extend to an ALJ's adoption or rejection of the opinions of nontreating sources.  Although this Court recognizes that the *purpose* of the reasons giving requirement--that an ALJ's compliance with these regulations empowers claimants to understand the disposition of their cases and permits meaningful review of the ALJ's decision--also extends to other Social Security Regulations, including 96-6p and 20 C.F.R. §404.1527(f), the Sixth Circuit has expressly rejected this reasoning to support an extension of the reasons giving requirement to the rest of the regulation.[4]  *Id.* at 876.  ("Yet even if the purpose of the reasons-giving requirement in § 404.1527(d)(2) applies to the entire regulation, the SSA requires ALJs to give reasons for only treating sources.") Pursuant to Sixth Circuit case law, the Court finds that under the "substantial procedural right" prong of the harmless error analysis discussed in *Wilson* and *Rabbers*, the ALJ was not required to explicitly articulate his reasons for discounting the opinions of the nonexamining State psychologists, nor was Johnson entitled to this procedure.[5]

---

[4] Plaintiff states that similar to the reviewing court in *Blakley*, this Court is unable to conduct a "meaningful review" of the ALJs decision because of its error in ignoring the medical sources' opinions.  ECF No. 20 at 2.

[5] The ALJ's error in the instant case--ignoring the State psychologists' opinions and failing to articulate the weight provided to them--is distinguishable from failing to give good reasons for his rejection or adoption of their opinions.  These errors do, however, overlap.  To recognize a doctor's opinion and explain the weight afforded it in compliance with the aforementioned Social Security regulations, more than likely would have required the ALJ to

-13-

(1:09 CV 02959)

## 2. **Johnson was Prejudiced on the Merits**

The Sixth Circuit has held that when a regulation does not confer a substantial right, it is necessary for the claimant to show prejudice as a result of the violation before a remand is ordered.  *See Wilson*, 378 F.3d at 547 (citing *American Farm Lines*, 397 U.S. at 539).  In *Rabbers*, the Court concluded that the ALJ's failure to follow the Agency's regulations did not prejudice the claimant on the merits, because had the ALJ correctly applied the procedure correctly, he would have ultimately reached the same conclusion.  *See Rabbers*, 582 F.3d at 658-61.  In *Wilson*, the Sixth Circuit ruled "that where 'remand would be an idle and useless formality,' courts are not required to 'convert judicial review of agency action into a ping-pong game.'"  *See Rabbers* (dissent and concurrence) at 582 F.3d at 669 (citing *Wilson*, 378 F.3d at 547).

The record before the Court indicates that Johnson suffered substantial prejudice as a result of the ALJ's oversight.  In contradistinction to *Rabbers*, where the Sixth Circuit concluded that despite the procedural violation, the ALJ's determination would have been the same, in this case, the correct application of the procedure may have led to a substantially different outcome.  *See Rabbers*, 582 F.3d at 658-61.  Thus, a remand would not be an idle or useless formality.

The record reflect that had the ALJ's residual functional capacity fully encompassed

_____

provide Johnson and, by extension, the Court with reasons for the adoption or rejection of the opinion.  This, however, is not a substantial procedural right that claimants are entitled to.  *See Smith*, 482 F.3d at 876.  Thus, out of an abundance of caution, the Court declines to construe the aforementioned Social Security regulations as conferring Johnson with a substantial procedural right.

-14-

(1:09 CV 02959)

the State psychologists' opinions of Johnson's mental limitation, the ALJ may have concluded

that Johnson was disabled. As previously discussed, both Drs. Stailey-Steiger and Mel

Zwissler found Johnson *moderately* limited in his ability to complete a normal work-day and

workweek. These restrictions appear to have been ignored by the ALJ in configuring

Plaintiff's residual functional capacity. [TR. 271, 363.] The Court also finds it significant

that the Vocational Expert (also "VE") testified that Johnson's inability to complete a normal

work-day or work week would hinder Johnson from securing gainful employment.[6]

Accordingly, this matter must be remanded in order for the ALJ to properly assess all

of Johnson's limitations, in light of the medical and VE's testimony, to determine if the

opined restrictions would preclude Johnson from being employed and, thus, alter his disability

status. *See Tiger v. Comm'r of Soc. Sec., 1998 U.S. App. Lexis 7093, *5-6, (10th Cir. 1998)*

(remanding case back to the SSA because the ALJ violated SSR 96-6p when he failed to

discuss and weigh a psychologist opinion undermining the ALJ's ultimate conclusions

regarding claimant's alleged mental impairments); *see also Mischka v. Comm'r of Soc. Sec.,*

*2010 U.S. Dist. Lexis 69729, *14-19 (N.D. Ohio 2010)* (remanding case back to the agency

partially because the ALJ failed to follow SSR 96-6p, and the Court could not determine what

weight, if any, was given to the non-examining State psychologists opinion, which was

_____

[5] The VE testified that if Johnson's need for breaks exceeded one hour per day, including his lunch period, he would not be able to sustain employment. [TR 75.] The VE also stated that if Johnson were off task more than fifteen (15) percent of the time in the workday, due to the inability to concentrate, he would be unemployable [TR 76]; and if Johnson were to miss more than four days of month, it would preclude him from gainful employment. [TR 74.]

-15-

(1:09 CV 02959)

inconsistent with the ALJ's findings); *Howard v. Comm'r of Soc. Sec.*, 2010 U.S. Dist. Lexis 112081, *16-17, (C.D. Cal. 2010) (remanding case back to the Agency because the ALJ didn't consider any or most of the specific functional limitations assessed by a non-examining source, which was inconsistent with the ALJ's RFC determination); *compare McAnally v. Comm'r of Soc. Sec.*, 241 Fed. Appx. 515, 518-520 (10th Cir. 2007) (affirming Agency decision when ALJ committed harmless error by failing to follow SSR 96-6p because the doctor's assessment of the claimant's limitation was consistent with the ALJ's determination).

The Court is unable to reconcile the ALJ's failure to properly distinguish the severity of Johnson's limitations. As previously discussed, the ALJ mis-categorized several of Johnson's restrictions as *mild*, when the State psychologists found Johnson to have a *moderate* impairment in those areas. [TR. 266, 358.] This oversight is not negligible. Failure to distinguish the degree of severity can have serious repercussions on a claimant's finding of disability. For instance, there is a body of case law supporting the proposition that hypotheticals limiting claimants to jobs entailing no more than simple, routine, and unskilled work are not adequate to convey *moderate* limitations in ability to concentrate, persist, and keep pace. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 517 (citing to *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930-31 (E.D. Mich. 2005) which held that hypothetical limiting claimant to "jobs entailing no more than simple, routine, unskilled work" not adequate to convey moderate limitation in ability to concentrate, persist, and keep pace; and also citing to *Whack v. Astrue*, 2008 WL 509210, at *8 (E.D. Pa. 2008) , which provides a list of cases that support the proposition that hypothetical restrictions of "simple" or "low-stress"

-16-

(1:09 CV 02959)

work do not sufficiently incorporate the claimant's medically established limitations where claimant has moderate deficiencies in concentration, persistence or pace).  Based upon the record before the Court, there is a strong possibility that Johnson was prejudiced in this respect as well.

  **B.**  <u>The ALJ Erred in Not Crediting the Examining State Psychologist's Opinions</u>

   Johnson contends that the ALJ erred in not crediting the opinions of Richard C. Halas, M.A., an examining State psychologist, and in his failure to do so, the ALJ substituted his own opinion for that of a medical expert.  In support of this argument, Johnson contends that "Mr. Halas' opinions were entitled to the most weight, not 'limited weight as his opinions were highest on the 'opinion hierarchy', *i.e.*, he was Johnson's sole examining source in the absence of a treating physician and other substantive treatment."  ECF No. 16 at 17.  Additionally, Johnson avers that the record reflects that the "ALJ rejected all opinion evidence regarding Johnson's mental impairments, and instead used his own, less restrictive opinions about what symptoms Johnson should exhibit."  ECF No. 16 at 18.

   The Commissioner responds that Mr. Halas' opinion was not entitled to a default of controlling weight simply because he was the sole examining source on the record.  The Commissioner also asserts that the ALJ's determination to provide limited weight to the finding of Mr. Halas was in compliance with Social Security regulations, which requires the ALJ to consider the consistency of Halas' opinion to the entire record in order to accord significant weight.  ECF No. 18 at 12 (citing 20 C.F.R. § 404.1527(d)(1), which provides in relevant part "generally, the more consistent an opinion is with the record as a whole, the more

(1:09 CV 02959)

weight we will give to that opinion").

  The Commissioner's point is well taken.  Contrary to Johnson's arguments, the Social Security regulation does not mandate that ALJs afford examining sources,  the "most weight," when a claimant lacks a treating physician.  ALJs have the authority to discount an opinion of a medical expert.  In this instance, the ALJ afforded limited weight to Mr. Halas' opinion, because he found the opinion heavily influenced by Johnson's subjective complaints.[TR 21]. This ground for discrediting an opinion is not contrary to Social Security regulations or Sixth Circuit case law.  *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990) (finding an ALJ's rejection of opinion proper because the opinion was based on claimant's subjective complaint).

  The ALJ, however, ultimately did err with respect to discounting Mr. Halas opinion because his analysis in minimizing Mr. Halas' conclusions was contrary to the evidence on the record and in violation of the Social Security regulations.  20 C.F.R. § 1527(f) requires ALJs to consider the "supportability" of medical opinions, which involves an examination into the relevant evidence used to support an opinion, such as laboratory findings and medical signs when determining what weight to give an opinion.  *See* 20 C.F.R. § 1527(f);(d)(3).  Although some of Mr. Halas' conclusions were derived from Johnson's subjective complaints[7], the record reveals that other findings, particularly with respect to Johnson's mental limitations,

---

  [7] Mr. Halas stated that "the combination of [Johnson's] physical problems and his emotional problems preclude him from employability at this time."  [TR 627.]  As the Commissioner's alludes, this statement is more likely than not based on Plaintiff's subjective complaints as Mr. Halas has no medical background to properly assess Plaintiff's physical limitations.  ECF No. 18 at 13.

(1:09 CV 02959)

were supported by several clinical testing that the ALJ appeared to have completely ignored.

ECF No. 20 at 3 (citing TR 626-27; 250-51).  Although the ALJ was not required to give good

reasons for his decision in affording limited weight to Dr. Halas' opinion,[8] he was required to

address these clinical tests.  The record reflects that the ALJ's sole reason for discounting Mr.

Halas' findings was the ALJ's belief that Mr. Halas' opinions were heavily influenced by

Johnson's subjective complaints.  The presentation of this additional evidence which

demonstrates that Mr. Halas findings were also based on clinical testing significantly

undermines ALJ's conclusions and therefore must be explained.  *See Kornecky v. Comm'r of*

*Soc. Sec.*, 167 Fed. Appx. 496, 2006 WL 305648, at *10 (6th Cir 2006) (finding that an ALJ

can consider all of the evidence without directly addressing in his written decision every piece

of evidence submitted by a party, but his factual findings as a whole must show that he

implicitly resolved conflicts of evidence).  The ALJ's failure to discuss these test results,

although they clearly contradicted his reasoning for discounting Halas' findings, undermines

his conclusion and is violative of 20 C.F.R. §1527, constituting reversible (not harmless)

error.[9]

---

[8] *See Smith*, 482 F.3d at 876 (holding that the ALJ is not required to give good
reasons for the weight accorded to nontreating medical sources' opinions).

[9] The ALJ also failed with respect to 20 C.F.R. § 1527(d)(4) which requires the
ALJ to examine the consistency of Halas' opinion to the record as a whole.  Although
the Commissioner contends that the ALJ discounted Halas' opinion because it was
inconsistent with the entire record, the Court finds this assertion dubious.  Foremost, the
ALJ's opinion does not specifically state that he discounted Halas' opinion because it is
inconsistent with the record.  [TR. 21.]  Second, to the extent that the ALJ's statements
can be construed in support of that assertion, the Court finds this position unavailing.  As
indicated previously, the ALJ failed to look at the complete record with respect to

-19-

(1:09 CV 02959)

### C.    The ALJ's Failure to Comply with 20 C.F.R. §1527(f) Does Not Constitute Harmless Error

Johnson contends that the ALJ's failure to give a valid reason for not crediting Mr. Halas' opinions deprived him of his right to a fair and full hearing.  ECF No. 16 at 19.  He states that "the ALJ's failure to explain the weight ascribed to Halas' opinion deprived [him] of [a] substantial right to receive such an explanation."  ECF No. 16 at 21.  Johnson seems to be arguing that the regulations conferred upon him a substantial procedural right to be given "good reasons" for the ALJ not crediting the opinion of Mr. Halas, a nontreating source.  The Court disagrees with Johnson's interpretation.

### 1.  Johnson was Not Deprived of a Substantial Right

In "Plaintiff's Reply to the Defendant's Brief," Johnson states that the ALJ's failure to comply with 20 C.F.R. §404.1527(f), which requires the ALJ to examine the supportability of Halas' opinion along with additional factors listed in §404.1527 paragraphs (a) through (e), left Johnson without a *sufficient reason* as to why the ALJ discredited Mr. Halas' opinion. ECF Nos. 16 at 19; 20 at 5.  And Johnson specifically states that the ALJ decision did not meet the spirit or the substance of 20 C.F.R. §404.1527(d)(2).  ECF No. 20 at 5.  Although these arguments are duly noted by the Court, they contradict Sixth Circuit case law, which has expressly held that the §404.1527(d)(2) reasons giving requirement only pertains to treating

_____

Johnson's mental limitations, when he ignored the opinions of the nonexamining State psychologists, discussed *supra*, which were the only other opinions in the record that discussed Plaintiff's mental limitations.  Thus, the Court finds that the
ALJ's failure to examine the complete record with respect to Johnson's mental restrictions, undermines any determination made by the ALJ that Halas' opinion was inconsistent with the record as a whole.

-20-

(1:09 CV 02959)

physicians' opinions and is not to be extended to the opinions of other medical sources, which include Mr. Halas.  *See Smith*, 482 F.3d at 876.

As indicated previously, although the Social Security Regulations require ALJs to articulate the weight afforded medical sources, ALJs are not expressly required to articulate their reasons for failing to adopt the opinions of nontreating sources, nor are claimants entitled to this analysis.  *See Smith*, 482 F.3d at 876.  Accordingly, to the extent that the ALJ failed to expressly address the supportability of Halas' findings, this action, in and of itself, would not constitute reversible error under the "substantial procedural right" prong of the harmless error analysis.

### 2.  Johnson was Prejudiced on the Merits

Notwithstanding that conclusion, the Court ultimately finds that the ALJ's failure to address the medical testing administered by Mr. Halas, in violation of 20 C.F.R. §404.1527, does not constitute harmless error as this failure clearly prejudiced Johnson.  *See Wilson*, 378 F.3d at 547.  The ALJ's discounting of Mr. Halas' opinion based only on the ground that the ALJ believed Mr. Halas' conclusions were merely a recitation of Johnson's subjective complaints is unsubstantiated by the record.  The record demonstrates that Mr. Halas relied on test results in reaching his conclusions with respect to Plaintiff's mental limitations.

Had the ALJ examined the clinical testing and results administered by Mr. Halas in compliance with the Social Security regulations, he may have given Mr. Halas' findings more significant weight, which ultimately could influence the determination of Johnson's disability status.  As Johnson indicates in his brief, Mr. Halas' findings were obviously inconsistent with

-21-

(1:09 CV 02959)

the ALJ's conclusions and disability determination.  Mr. Halas found the Plaintiff to have both

marked limitation and extreme limitations in a variety of areas that were not recognized by the

ALJ.  ECF Nos. 16 at 16-17 (citing [TR. 633]); 20 at 4-5.  As stipulated in *Wilson*, remand in

this case would not be "an idle and useless formality."  *See Rabbers* (dissent and concurrence)

at 582 F.3d at 669 (citing *Wilson*, 378 F.3d at 547).  Accordingly, the Court recommends

remand on the grounds discussed herein.

> **D.**  **The ALJ Erred in Failing to Comply with SSR 96-7p and 20 C.F.R. §**
> **404.1429**

In Johnson's fourth allegation, Johnson avers that the ALJ's adverse credibility

determination with respect to the severity of Johnson's pain was not supported by substantial

evidence because it was neither "sufficiently specific" nor did it contain "specific reasons for

the finding" in compliance with SSR 96-7p and 20 C.F.R. § 404.1429.  ECF No. 16 at 12-13.

Social Security Regulations, SSR 96-7p and 20 C.F.R. § 404.1429, require the ALJ to

explicitly consider and discuss the following factors in addition to the objective medical

evidence when determining the credibility of a claimant's allegations of pain: (1) the

claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3)

precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of

any medication taken to alleviate pain; (5) treatment other than medication, received for relief

of pain, and; (6) any measures to relieve pain.  The record before the Court clearly establishes

that the ALJ failed to conduct this requisite analysis when he made an adverse credibility

determination.  *See Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (applying these factors and

finding that none of these factors support the ALJ's decision to discount a claimant's

(1:09 CV 02959)

credibility).

In the interest of judicial economy and efficiency, the Court declines to discuss whether the ALJ's failure to follow the Social Security regulations constitutes harmless error. Application of the aforementioned factors to the facts of this case in order to determine whether the record contained substantial evidence to discount Johnson's allegations of pain is unnecessary.  Johnson has already sufficiently demonstrated that he was prejudiced by the ALJ's failure to follow the Agency's rules and applicable law.  Because the Court finds that the ALJ's decision contains myriad errors requiring reversal, the Court recommends this case be remanded for overall reconsideration, including matters pertaining to the ALJ's credibility determination.

## VI.  **Conclusion and Recommendation**

Without suggesting or deciding what the final decision should be, the undersigned finds that the decision denying benefits to Johnson is not based upon proper legal standards. The undersigned, therefore, recommends that the Social Security Administration's final decision be reversed and that the matter be remanded, pursuant to Sentence Four of 42 U.S.C. § 405(g), for additional consideration by the Social Security Administration in a manner consistent with this opinion, Social Security Administration regulations and applicable case law.

Upon remand, the undersigned recommends instructing the Agency to, among other things: (1) acknowledge the nonexamining State psychologists' opinions and articulate the weight, if any, afforded those opinions; (2) review the clinical testing and results used to

(1:09 CV 02959)

support Mr. Halas' conclusions regarding Johnson's mental limitations; (3) conduct the proper

analysis mandated by the Social Security regulations when making a credibility determination

with respect to Johnson's allegations of pain; and (4) reformulate Johnson's residual

functional capacity.

Dated:  December 3, 2010                              __s/ _Benita Y. Pearson_____
                                                                          United States Magistrate Judge


## **OBJECTIONS**

        Objections to this Report and Recommendation must be filed with the Clerk of Courts
within fourteen (14) days of receipt of this notice.  Failure to file objections within the
specified time waives the right to appeal the District Court's order.  *See United States v.
Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g
denied*, 474 U.S. 1111 (1986).