**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RODNEY JOHNSON, | ) | CASE NO.1:09CV2959 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | MEMORANDUM OPINION & |
| Commissioner of Social Security, | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Plaintiff Rodney Johnson ("Johnson" or "plaintiff") has petitioned the Court for an award of attorney fees (Doc. 26) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA" of "the statute"). The Commissioner of Social Security ("Commissioner" or "defendant") has filed a brief in opposition (Doc. 27) to plaintiff's motion, to which plaintiff has filed a reply (Doc. 30). This matter is fully briefed and ripe for a determination. For the reasons that follow, plaintiff's motion is GRANTED, and the Court AWARDS attorney fees to Plaintiff in the amount of $5,677.63.

**I.    BACKGROUND**

Johnson filed the instant action was on December 21, 2009. (Doc. 1.) On December 30, 2010, the Court adopted the Report and Recommendation of the Magistrate Judge and reversed the Commissioner's decision and remanded the matter, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings. Johnson timely moved for attorney fees in the

amount of $5,677.63 pursuant to the EAJA, representing 33.3 hours payable directly to counsel.[1] The Commissioner opposes the request and asserts that the government's position was substantially justified. (Doc. 27.) Plaintiff asserts that the Commissioner's position was neither reasonable nor substantially justified because it was contrary to clear regulatory law, social security rulings and legal precedent.

## II. STANDARD OF REVIEW

The EAJA requires the Government to pay a prevailing social security plaintiff's attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988); *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004). In *Shalala v. Schaefer*, 509 U.S. 292 (1993), the Court held that "prevailing party" status was achieved within the meaning of the EAJA when the plaintiff succeeded in securing an order of remand, even though the claimant does not become entitled to benefits until the administrative action called for under the remand order has been concluded. *Id*. at 300-01.

A position is substantially justified under the EAJA when it is ""justified in substance or in the main"—that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565, 108 S. Ct. at 2550. A reasonable person could find the Commissioner's position substantially justified if it rested on a "reasonable basis both in law and fact." *Id*. at 566 n. 2; *see Barnhart*, 376 F.3d at 554. The courts uniformly place the burden of demonstrating

---

[1] Of the total, 5.0 hours were from 2009 at an hourly rate of $166.25, 26.3 hours were from 2010 at an hourly rate of $171.25, and 2.0 hours were from 2011 at an hourly rate of $171.25.

substantial justification is on the Government. *Hawke v. Astrue*, No. 3:07cv108, 2009 WL 961783, *2 (S.D. Ohio April 8, 2009) (collecting courts of appeals cases).

The Sixth Circuit has outlined several factors that a court should consider when evaluating whether the government's position was substantially justified. *Hartmann v. Stone*, 156 F.3d 1229, (6th Cir. 1998) (citing *Pierce*, 487 U.S. at 568-69) (discussing factors). These factors include the views of other courts on the underlying merits of the Government's position; whether those courts viewed the result as being close or clear; the underlying clarity of the law at the time the Government took its position; and the extent to which the Government's position comported with the applicable law. *Id.* "In general, the more ambiguous the law, the more the government can claim that its position had some support in the applicable statutes and case law." S*ee Tennessee Baptist Children's Homes, Inc. v. United States*, 790 F.2d 534, 540 (6th Cir.1986) (fact that issues were "novel" supported government's claim to substantial justification). None of the individual factors are dispositive in and of themselves. *See Pierce*, 487 U.S. at 568-69.

**III. DISCUSSION**

**A. The Commissioner's Litigation Position**

It is undisputed that Johnson is an eligible and prevailing part. The only remaining issue is whether the Commissioner's litigation position in defending the ALJ's decision in this case rested on a reasonable basis in law and fact. The Commissioner contends that, despite the errors found by the Magistrate Judge, his defense of the ALJ's ruling was substantially justified because plaintiff's challenge "focused more on procedural irregularities than actual conflicts between the ALJ's […] findings and the relevant evidence" in the record. He contends that rather than a lack of evidence, the Magistrate Judge found that the primary error made by the ALJ was one of articulation. The Commissioner, however, minimizes the severity of the clear legal errors

3

found by the Magistrate Judge and fails to demonstrate that his position rested on a reasonable basis both in fact *and* law.

The Magistrate Judge found that the ALJ's decision contained a myriad of reversible errors (not harmless errors), which substantially prejudiced Johnson requiring reversal and remand. First, the Magistrate Judge found that there was no doubt that the ALJ erred when he ignored the opinions of the nonexamining state psychologists and failed to articulate what weight he proscribed their opinions, in violation of SSR 96-6p and 20 C.F.R. §404.1527(f).[2] Further, the Magistrate Judge specifically rejected the Commissioner's contentions that this was a "harmless" error and found there was no evidence in the record to support the ALJ's inconsistent assessment of Johnson's residual capacity. Moreover, rather than finding a mere articulation error, the Magistrate Judge concluded that a correct application of the procedure might have led to a substantially different outcome.

Next, the Magistrate Judge concluded that although Social Security regulations do not mandate that the ALJ afford examining sources the "most weight" when a claimant lacks a treating physician, the ALJ erred when he discounted and minimized the opinion of Richard C. Halas, M.A., an examining State psychologist. The Magistrate Judge found that the ALJ committed reversible (not harmless) error when, without explanation, he ignored the findings of Mr. Halas' objective clinical tests in violation of 20 C.F.R. § 404.1527(f). That regulation requires ALJs to consider the "supportability" of medical opinions, which involves an examination into the relevant evidence used to support an opinion, such as laboratory findings and medical signs when determining what weight to give an opinion. *See* 20 C.F.R. §

---

[2] SSR 96-6p states in relevant part, that although "[a]dministrative law judges . . . are not bound by findings made by State agency or other program physicians and psychologists" any such findings "must be treated as expert opinion evidence of nonexamining sources" and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions." SSR 96-6p, 1996 WL 374180 at *1-2; *see also* 20 C.F.R. § 404.1527(f).

404.1527(f); (d)(3). Again, the Magistrate Judge specifically concluded that this error might have substantially affected the outcome of the proceedings.

Finally, the Magistrate Judge found a clear violation of Social Security Regulations, SSR 96-7p and 20 C.F.R. § 404.1429, which require the ALJ to explicitly consider and discuss several factors in addition to the objective medical evidence when determining the credibility of a claimant's allegations of pain. The record before the Court clearly established that the ALJ failed to conduct the required analysis when he made an adverse credibility determination. The Magistrate Judge concluded a review of the mandated factors was unnecessary given the severity of the aforementioned procedural errors.

The Commissioner argues that, despite the clear legal errors found by the Magistrate Judge, the ALJ's errors were harmless because the evidence in the record supported the ALJ's ruling. The courts, however, has soundly rejected the merits of the Commissioner's position. The Sixth Circuit refuses to "recognize substantial evidence as a defense to non-compliance with" the agency's mandatory procedural rules. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 564 (6th Cir. 2004); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) ("Even if supported by substantial evidence, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.") Moreover, the Sixth Circuit has held that the Government's litigation position is without substantial justification where the ALJ selectively considered the evidence in deciding to deny social security benefits, as is the case here. *Barnhart*, 376 F.3d at 554 (citing *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995)). The Commissioner's position is inconsistent with the established precedent and overlooks the significance of the mandatory procedural requirements and the ALJ's failure to

5

comply with those requirements; and therefore, is without a reasonable basis in law. *See, e.g., Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir. 1997) (holding the government's position lacks substantial justification when it is contrary to established law).

This was not a close case. The Magistrate Judge determined that the ALJ made several clear procedural errors, which undoubtedly prejudiced the plaintiff. Contrary to the defendant's assertions, the Magistrate Judge did not remand this case solely for the ALJ's failure to better articulate his review of the evidence. Rather the Court remanded this case because the ALJ ignored critical evidence, which was likely to change substantially the outcome. The Commissioner has not met his burden of establishing that his support for the ALJ's decision was substantially justified or that an EAJA award to plaintiff will be unjust. Plaintiff is therefore entitled to an EAJA award.

### B. Payment

The Commissioner does not object to the amount of fees requested. The Court finds that the requested fee of $5,677.63, representing 33.3 hours of work, is appropriate and reasonable. The Court therefore awards $5,677.63 in attorney fees pursuant to EAJA.

The Commissioner does challenge, however, the payment of the fee award directly to plaintiff's counsel pursuant to *Astrue v. Ratliff,* --- U.S. ----, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010), which held that an award of attonrey's fees pursuant to EAJA is payable to the litigant, subject to an offset to satisfy the litigant's preexisting debt to the Government. *Id.* at 96. Plaintiff's counsel agrees that the government has a right to offset the fee award by any outstanding federal debts owed by plaintiff, however, she asserts that following this process, the award should be paid directly to her pursuant to the validly executed assignment of EAJA fees by plaintiff. (Doc. 26-3.)

6

The Commissioner contends that such an assignment would violate the Anti-Assignment Act, 31 U.S.C. § 3272.[3] The Court agrees. Courts have held that the Anti–Assignment Act applies to EAJA fee awards and that any assignment of an EAJA award that pre-dates the actual award of fees is void. *See Cooper v. Comm'r of Soc. Sec.*, No. 1:09-CV-40, 2011 WL 3269446, *4 (W.D. Mich. April 11, 2011)(holding that assignment of anticipated EAJA award against federal government violates the Anti-Assignment Act); *see also Turner v. Astrue,* 764 F.Supp.2d 864, 878-79 (E.D. Ky. Sept. 14, 2010) (stating that a plaintiff's "purported assignment of his EAJA fees to his attorney" was "void because it runs afoul of the Anti–Assignment Act"); *Young v. Astrue,* No. 3:09-CV-132, 2011 WL 1196054, *3-4 (M.D. Ga. Feb. 24, 2011) (finding an assignment of an EAJA fee award "invalid" where "[t]he claim for attorneys fees had not been allowed in [the] case, the amount of attorneys fees had not been decided, and a warrant for payment of fees had not been issued"); *Robinson v. Comm'r of Soc. Sec.,* No. 6:09-CV-1288, 2011 WL 1480386, *2 (M.D. Fla. Apr. 4, 2011) (agreeing that "Plaintiff's assignment is not valid under the Anti–Assignment Act, because it predates any award of EAJA fees and does not comply with other formalities required by the Act"); *Burt v. Astrue,* No.08-1427, 2011 WL 1325607, *7 n. 1 (E.D. Pa. Apr. 7, 2011) (noting that "the purported assignment by Plaintiff to her counsel was made prior to the award of attorneys fees, meaning that it contravenes the Anti–Assignment Act" and therefore, "[s]uch an assignment ... does not allow Plaintiffs counsel to directly receive the court-awarded EAJA fees").

---

[3] The Anti–Assignment Act applies to "(1) a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim; or (2) the authorization to receive payment for any part of the claim[,]" and provides that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(a) & (b).

Plaintiff's assignment fails to meet the requirements of § 3727(b), because it was executed before the Court allowed an award against the Commissioner pursuant to the EAJA and it was not attested to by two witnesses. *See Dauwe v. Astrue,* No. 10-83-ART, 2011 WL 530610, *1–2 (E.D. Ky. Feb. 8, 2011) (claimant's assignment of EAJA fees did not meet the requirements of § 3727); *Hartage v. Astrue,* No. 4:09-CV-48, 2011 WL 1123457, *4–5 (M.D. Ga. Feb.15, 2011) (an assignment made prior to the award of attorney fees under the EAJA necessarily violates § 3727 because the claim against the government has not been allowed). Accordingly, plaintiff's request for payment to be made directly to his attorney is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion is hereby **GRANTED** in part and **DENIED** in part. The Court **AWARDS** attorney's fees to Johnson in the amount of $5,677.63.

**IT IS SO ORDERED**.

Dated: October 7, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**